Case 2:10-cv-05885-WJM-MF   Document 11   Filed 05/23/11   Page 1 of 3 PageID: 210

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| STEVEN MEISINGER,<br><br>　　　Plaintiff,<br><br>v.<br><br>THE PRUDENTIAL INSURANCE COMPANIES OF AMERICA, *et al.*<br><br>　　　Defendant. | Civil Action Number:<br>2:10-cv-05885<br><br>OPINION<br><br>HON. WILLIAM J. MARTINI |

**MEMORANDUM OPINION**

**I.　INTRODUCTION**

Steven Meisinger filed for bankruptcy on February 23, 2009 and those proceedings concluded on July 1, 2010. Less than three months later, Plaintiff filed a complaint in state court (since removed) asserting primarily a state law discrimination claim against Defendant Prudential Insurance Companies of America (Prudential), his former employer. The relevant conduct covered the period prior to the bankruptcy court closing Meisinger's case. However, Plaintiff did not list his potential cause of action against Prudential as an asset in his bankruptcy filings. Defendant now seeks to dismiss the action based on judicial estoppel. For the reasons elaborated below, the Court will **GRANT** the motion and **DISMISS** the action.

**II.　STANDARD OF REVIEW**

The Defendants' motion to dismiss is brought pursuant to the provisions of Federal Rule of Civil Procedure 12(b)(6). This rule provides for the dismissal of a complaint, in whole or in part, if the plaintiff fails to state a claim upon which relief can be granted. The moving party bears the burden of showing that no claim has been stated, *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005), and dismissal is appropriate only if, accepting all of the facts alleged in the complaint as true, the plaintiff has failed to plead "enough facts to state a claim to relief that is plausible on its face," *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (abrogating "no set of facts" language found in *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). The facts alleged must be sufficient to

1

"raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. This requirement "calls for enough fact[s] to raise a reasonable expectation that discovery will reveal evidence of" necessary elements of the plaintiff's cause of action. *Id*. Furthermore, in order to satisfy federal pleading requirements, the plaintiff must "provide the grounds of his entitlement to relief," which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Phillips v. County of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008) (quoting *Twombly*, 550 U.S. at 555).

### III. FACTS

The basic chronology does not appear to be disputed. Plaintiff filed for Chapter 13 bankruptcy on February 23, 2009. On June 25, 2009, Plaintiff's counsel wrote Prudential – a first effort to settle Plaintiff's claims against Prudential. On August 6, 2009, Plaintiff and his counsel were interviewed at Prudential. On September 14, 2009, Prudential terminated Plaintiff. On September 28, Plaintiff's counsel wrote Prudential and asserted an unlawful discrimination claim. On February 18, 2010, Plaintiff converted his Chapter 13 bankruptcy filing to a chapter 7 filing. On June 28, 2010, the bankruptcy court discharged Plaintiff's debts, and closed the case on July 1, 2010. On October 12, 2010, Plaintiff retained new counsel and filed a discrimination claim and an intentional infliction of emotional distress claim against Prudential in state court. That action was removed into this Court.

Defendant, asserting judicial estoppel, now moves to dismiss.

### IV. ANALYSIS

The application of judicial estoppel in federal court is a question of federal law, even in diversity cases, such as this, applying state substantive law. *Plaintiff G-I Holdings, Inc. v. Reliance Ins. Co.*, 586 F.3d 247 (3d Cir. 2009). "The basic principle of judicial estoppel . . . is that absent any good explanation, a party should not be allowed to gain an advantage by litigation on one theory, and then seek an inconsistent advantage by pursuing an incompatible theory." *Ryan Operations G.P. v. Santiam-Midwest Lumber Co.*, 81 F.3d 355, 358 (3d Cir. 1996). In applying the doctrine, the Third Circuit has announced a three-prong test.

> First, the party to be estopped must have taken two positions that are irreconcilably inconsistent. Second, judicial estoppel is unwarranted unless the party changed his or her position in bad faith -- i.e., with intent to play fast and loose with the court. Finally, a district court may not employ judicial estoppel unless it is tailored to address the harm identified and no lesser sanction would adequately remedy the damage done by the litigant's misconduct.

*Krystal Cadillac-Oldsmobile GMC Truck, Inc. v. General Motors Corp.*, 337 F.3d 314, 319 (3d Cir. 2003).

In *Krystal Cadillac*, after General Motors (GM) terminated its franchise agreement with Krystal (the debtor), Krystal filed for bankruptcy under chapter 11 and sought a plan for reorganization which "provided for the sale of its GM franchise [as an asset of the

bankruptcy estate] in order to raise funds to pay creditors." *Id*. at 317. GM objected, arguing that the franchise had been properly terminated. The debtor's position was upheld on appeal to the Third Circuit. In Re *Krystal Cadillac Oldsmobile GMC Truck, Inc.*, 142 F.3d 631 (3d Cir. 1998).

Five months later, Krystal brought a second action: a multi-count tort action against GM, asserting, among other causes of action, violation of the automatic stay (in the prior litigation) and breach of contract in regard to the franchise agreement. GM's assertion of judicial estoppel was upheld by the Third Circuit because when Krystal filed its disclosure statement and reorganization plan it already "knew about each of the claims" it subsequently brought in the second action. *Krystal*, 337 F.3d at 320. The Third Circuit held that Krystal's two positions in the two rounds of litigation were inconsistent, that a presumption of bad faith arises in connection with the fact that Krystal has knowledge of the claim and a motive to conceal the assets, and that a lesser sanction would be inappropriate. *I.e.*, Allowing "Krystal to pay unsecured creditors the balance of their claims out of any damages Krystal might recover from the instant action would reward Krystal for what appears to be duplicitous conduct in the course of its bankruptcy proceeding. Krystal would still reap the benefit of any recovery beyond the amount paid to satisfy outstanding debts." *Id*. at 325. As an alternative lesser sanction, Krystal offered to amend its disclosure statement in its bankruptcy case, which was still open at that time. This alternative remedy was expressly rejected by the Third Circuit.

*Krystal* appears squarely on-point.[1] Courts have avoided the harsh result of judicial estoppel in situations where a litigant acted *pro se* while incarcerated, where the litigant sought only equitable (as opposed to monetary relief), or where the bankruptcy estate's trustee already had an interest in proceeds from the second suit under the terms of an extant agreement. None of these exceptions appear to apply here. Quite the opposite, Plaintiff pleads reliance on counsel as excuse for failing to disclose his potential tort action in prior bankruptcy proceedings. Such an excuse is insufficient. *Hardee-Guerra v. Shire Pharms.*, 737 F. Supp. 2d 318 (E.D. Pa. 2010).

V.  **CONCLUSION**

For the reasons elaborated above, the Court **GRANTS** Defendant's motion and **DISMISSES** the action.

s/ William J. Martini

**DATE: May 23, 2011**                                                              **William J. Martini, U.S.D.J.**

---

[1] In *Krystal*, GM was a litigant in both rounds of litigation. Here, by contrast, it appears that Prudential was not involved in the prior bankruptcy court proceedings. This distinction does not appear relevant. *Ryan Operations*, 81 F.3d 355 at 360. The purpose of judicial estoppel "is intended to protect the courts rather than the litigants." *Fleck v. KDI Sylvan Pools, Inc.*, 981 F.2d 107, 121-22 (3d Cir. 1992).